# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| RICKY JOE SHIELDS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 2:12-CV-00270-RWS-JCF |
| | : | |
| v. | : | |
| | : | |
| SGT. CANNON, et al., | : | PRISONER CIVIL ACTION |
| Defendants. | : | 42 U.S.C. § 1983 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On October 25, 2012, Plaintiff executed and filed the complaint in this civil action.[1] (Doc. 1, docketed on November 16, 2012). On December 17, 2012, mail sent to Plaintiff at his address of record was returned to the Court as undeliverable. (Doc. 6). "The failure of counsel for a party or of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds either for dismissal of the action without prejudice or for entry of a default judgment." LR 41.2.C., NDGa. Plaintiff has failed to comply with this rule.

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED**

---

[1] "Under the mailbox rule for prisoners, a prisoner's [pleading] is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Absent contrary evidence, we will assume that a prisoner's filing 'was delivered to prison authorities the day he signed it.' *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)." *Fuller v. Terry*, 381 Fed. Appx. 907, 908 (11th Cir. 2010).

**without prejudice** due to Plaintiff's failure to keep the Clerk informed of his current address.  *See* LR 41.2.C., NDGa.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**SO RECOMMENDED and DIRECTED** this  21st   day of February , 2013.

_____
J. CLAY FULLER
United States Magistrate Judge